# EXHIBIT 1.1-A

Received and E-Filed for Record
4/6/2016 4:22:11 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-04-04177 _____

| | | |
|---|---|---|
| LONESTAR SPRINGBOARD AND PLATFORM DIVING TEAM | § § § | IN THE DISTRICT COURT |
| vs. TEXAS | § § | MONTGOMERY COUNTY, |
| | § | § |
| EVEREST NATIONAL INSURANCE COMPANY | § § § | Montgomery County - DC - County Court at Law #2 _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE AND JURY OF THIS COURT:

**COMES NOW, LONESTAR SPRINGBOARD AND PLATFORM DIVING TEAM,** hereinafter sometimes referred to as "Plaintiff" and files this their Level 2 Original Petition complaining of Defendant Everest National Insurance Company, and for causes of action would show unto the Court the following:

**I.
DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

**II.
RELIEF**

2. Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

"Certified as to certification on signature page"

1

## III.
## PARTIES

3.  Plaintiff **LONESTAR SPRINGBOARD AND PLATFORM DIVING TEAM** is a domestic nonprofit corporation whose principal office is located at 11 Acadia Branch Place, The Woodlands, Texas 77382.

4.  Defendant, **EVEREST NATIONAL INSURANCE COMPANY,** a foreign insurance carrier, organized and existing under the laws of the State of Delaware and authorized to conduct business in Texas, may be served with process by serving its designated agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

5.  To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against such entity pursuant to the terms of Rule 28, Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answering this suit that such Defendant answer in its correct legal name and assumed name.

## IV.
## VENUE

6.  Under §15.002 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, venue is proper in Montgomery County, Texas, because all or a substantial part of the events or omissions giving rise to the claims occurred in Montgomery County. Consequently, Plaintiff's causes of action accrued in Montgomery County, Texas, and venue is proper in Montgomery County, Texas.

## V.
## FACTS

7.  On or about September 30, 2014, Lonestar Springboard and Platform Diving Team ("Lonestar") was providing diving lessons to novice divers on the premises of Magnolia

2

"Certified as to certification on signature page"

Independent School District in Magnolia, Montgomery County, Texas. While in the process of being trained on a trampoline by a diving coach working for Lonestar, Mason Kisamore, a fifteen year old novice diver, sustained serious injuries to both upper extremities.

8. The injured diver and his parents filed suit against Lonestar on February 12, 2015 alleging a cause of action for negligence. A copy of Plaintiff's Original Petition in the underlying lawsuit is attached as Exhibit A and incorporated by reference.

9. At the time of the occurrence, Lonestar was a member club insured under a commercial general liability insurance policy issued by Everest National Insurance Company (Policy No. S18ML00176-141). See Exhibit B, Verification Of Insurance.

10. Upon being served with process, Lonestar notified Everest National of the lawsuit and tendered its defense.

11. Although the allegations of the lawsuit brought it within the coverage of the commercial general liability provisions of Everest National's insurance policy, Everest National declined coverage and refused to defend Lonestar in the underlying lawsuit.

12. As a result of Everest National's refusal to defend, Lonestar has incurred fees and expenses defending itself in the underlying lawsuit.

## VI.
## SUIT FOR DECLARATORY RELIEF

13. Plaintiff is insured under an insurance policy issued by Defendant Everest National for Plaintiff's benefit. The policy is a commercial general liability insurance policy (Policy No. S18ML00176-141) with effective dates August 31, 2014 to August 31, 2015.

14. Kevin and Jill Kisamore, Individually, and as Next Friends Of M.K, A Minor

3

"Certified as to certification on signature page"

filed a suit asserting a liability claim against plaintiff that, if true, would be covered by plaintiff's insurance policy with Defendant.

15. Plaintiff gave proper notice of the liability suit to Defendant as required under the insurance policy.

16. Defendant has not defended plaintiff in the underlying suit as required by the terms of the insurance policy.

17. Plaintiff seeks a declaration of its rights under the referenced insurance policy; specifically a declaration that the liability claim asserted against Plaintiff in the underlying lawsuit is covered under Defendant's insurance policy and that Plaintiff is entitled to be defended under the policy.

18. <u>Attorney fees.</u> Plaintiff is entitled to recover reasonable and necessary attorney fees in accordance with Section 37.009 of the Texas Declaratory Judgments Act.

## VII.
## BREACH OF CONTRACT

19. Plaintiff and Defendant were parties to a valid and enforceable insurance contract.

20. Plaintiff fully performed all of plaintiff's contractual obligations under the contract by notifying Defendant of the underlying lawsuit and tendering its defense to Defendant.

21. Defendant breached the contract by declining coverage of a claim that was clearly within the coverage portions of the insurance policy and refusing to defend Plaintiff in the underlying lawsuit.

*"Certified as to certification on signature page"*

4

22. Defendant's breach caused injury to Plaintiff which resulted in the following damages: out of pocket attorney's fees and expenses incurred in defending itself in the underlying suit.

23. Plaintiff seeks liquidated damages within the jurisdictional limits of this court.

24. <u>Attorney fees.</u> Plaintiff is entitled to recover reasonable attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE chapter 38 because this is a suit for breach of a written contract.

## VIII.
## CONDITIONS PRECEDENT

25. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## IX.
## REQUEST FOR DISCLOSURE

26. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## X.
## PRAYER FOR RELIEF

27. For these reasons, Plaintiff asks that the court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

    a.    A declaratory judgment obligating Defendant to honor its duty to defend

"Certified as to certification on signature page"

                Plaintiff by providing a full defense to Plaintiff ad paying all future defense costs in the underlying suit.

b.        Actual damages.

c.        Attorneys' fees,

d.        Prejudgment and postjudgment interest at the maximum legal rate.

e.        Court costs.

e.        All other relief at law or in equity to which Plaintiff is justly entitled.

                Respectfully submitted,

                **RENSHAW NORWOOD, PLLC**

                By:   */s/ Jason C. Norwood*
                Jason C. Norwood
                Texas Bar No. 24027570
                2900 Weslayan, Suite 230
                Houston, Texas 77027
                Tel. (713) 400-9002
                Fax. (713) 400-9006
                Email: Jason@renshaw-norwood.com

                **ATTORNEYS FOR PLAINTIFF**

I, Barbara Gladden Adamick, do hereby Certify ___ pages in Cause #_____ as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas. Witness My Official Seal of Office in Conroe, Texas On This the ___ Day of _____ 2016 By: _____, Deputy